UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS PEREZ,

    Petitioner,

-vs-                                        Case No. 6:09-cv-474-Orl-28KRS
                                          (Criminal Case No.: 6:07-cr-107-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Luis Perez. The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.* *See* Doc. No. 22. Petitioner filed a reply (Doc. No. 6) and a supplemental reply (Doc. No. 8) to the response.

Petitioner alleges four claims for relief in his motion: first, the "underlying waiver of his right to appeal was involuntary, unknowing, and unintelligent"; second, counsel was ineffective for misadvising him that "he would be sentenced to no more than ten (10) years under the government's plea offer"; third, counsel was ineffective for failing to advise him "that he could enter a straight guilty plea with the court and reserve both his right to

appeal and his right to collaterally attack his sentence"; and fourth, his underlying sentence was unconstitutional and counsel was ineffective at sentencing.

I.  *Procedural History*

Petitioner and several other individuals were charged in a five-count indictment with the commission of various crimes. Petitioner was charged in count one of the indictment (Criminal Case No. 6:07-cr-107-Orl-28GJK, Doc. No. 200, filed July 12, 2007).[1] Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to count one of the indictment (Criminal Case Doc. No. 644, filed November 16, 2007). United States Magistrate Judge Donald P. Dietrich held a hearing on the plea and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 654, filed November 16, 2007). Magistrate Judge Dietrich recommended that the plea agreement and the plea of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

On March 25, 2008, the Court entered a Judgment In A Criminal Case, adjudicating Petitioner guilty of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocain and sentencing him to imprisonment for a term of 280 months (Criminal Case Doc. No. 1010). Petitioner did not file a direct appeal.

---

[1] Hereinafter Criminal Case No. 6:07-cr-107-Orl-28GJK will be referred to as "Criminal Case."

## II. Analysis

### A. Claims One and Two

Petitioner argues in claim one that the "underlying waiver of his right to appeal was involuntary, unknowing, and unintelligent." According to Petitioner, counsel assured him that his sentence would not exceed imprisonment for a term of ten years, he would not have entered into the plea agreement if he had been aware that he could be sentenced to imprisonment for a term of 280 months. Petitioner states in claim two that counsel was ineffective by advising him that "he would be sentenced to no more than ten (10) years under the government's plea offer."

Under the plea agreement, Petitioner acknowledged that the maximum possible sentence in his case was life imprisonment. Criminal Doc. No. 644 at 2. At the plea hearing, the Government discussed the minium and maximum penalties in this case and stated that "[t]here is a minimum term of imprisonment of ten years up to a maximum of life imprisonment." (Transcript of Plea Hearing at 14.) Petitioner specifically indicated that he understood the minimum and maximum penalties involved in this case. *Id.* at 15.

The Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation omitted) (citation omitted). Further,

3

> The consequences of a guilty plea, with respect to sentencing, mean only that
> the defendant must know the maximum prison term and fine for the offense
> charged. As long as [the defendant] understood the length of the time he
> might possibly receive, he was fully aware of his plea's consequences.

*United States v. Gaitan*, 954 F.2d 1005, 1012 (5th Cir. 1992) (quotation omitted) (citations omitted).

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[2]

Petitioner, in his sworn testimony during the plea colloquy, told the Court that he understood the rights he was waiving, the consequences of his plea, and the punishment involved in the plea. The Court explained to Petitioner the nature of the charges and the sentence that could be imposed. Petitioner fully understood the consequences of his plea, including the sentence that could be imposed. In fact, Petitioner's allegations are in direct

---

[2]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

4

conflict with his statements during the plea colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony. Indeed, his self-serving statements appear to be a last-minute attempt to escape the preclusive effect of the appeal waiver. Petitioner did not mention the "assured" 10 year sentence during the plea colloquy, and, instead, stated that he understood that his sentence could be different from what had been discussed at the plea hearing and confirmed that no one had promised him anything in exchange for his plea. *Id.* at 16-18, 23.

As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses in the state court or the weight his plea should be accorded in this Court.

The record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his plea of guilty without being misled or otherwise misinformed. Petitioner's responses throughout the entry of his plea illustrate a comprehension of the statements of the Court and counsel, and, therefore, the record supports a finding that the plea was valid. Petitioner was not misled or misinformed as to the sentence he would receive or as to the law, and every effort was made to help Petitioner understand his rights and options. Petitioner entered into his plea

of guilty voluntarily and knowingly. Further, there has been no showing that counsel was ineffective with regard to this matter, and claims one and two are denied.

B. *Claim Three*

Petitioner asserts that counsel was ineffective for failing to advise him "that he could enter a straight guilty plea with the court and reserve both his right to appeal and his right to collaterally attack his sentence."

Even presuming that counsel acted unreasonably with regard to this matter, Petitioner still fails to meet the prejudice prong of the *Strickland* test, as he does not allege there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. In fact, Petitioner asserts that he still would have pleaded guilty but that he would not have entered into the plea agreement. However, as discussed above, Petitioner was fully aware that he was waiving his right to appeal and to collaterally attack his sentence, except under certain limited circumstances, and he voluntarily and knowingly chose to do so. Petitioner received the benefits set forth in the plea agreement, including the Government's recommendation of a downward adjustment for acceptance of responsibility and substantial assistance (so long as Petitioner complied/cooperated accordingly). His conclusory and self-serving allegations that he would now like to "enter a straight guilty plea" in order to appeal his sentence are insufficient to demonstrate prejudice. Thus, this claim must fail.

C.  *Claim Four*

Petitioner states that his underlying sentence was unconstitutional and counsel was ineffective at sentencing.

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 644) in which he agreed as follows:

> [Petitioner] agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id.* at 9-10 (emphasis in original). During his change of plea hearing, the Government stated that Petitioner "agreed not to appeal his sentence in this case or collaterally attack his conviction and sentence." (Transcript of Plea Hearing at 24.) The Court then asked Petitioner if he had any questions regarding "the limitations on [his] right to appeal or review these proceedings," and Petitioner responded "[n]o sir." *Id.*

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel

7

during sentencing. *Id.* at 1342. Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars her from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See Patel v. United States*, 252 Fed. Appx. 970, 974-75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel).

In the instant case, as discussed above, the plea agreement and waiver were knowing and voluntary. The Court specifically addressed the appeal/collateral waiver provision during the change of plea hearing, and a review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Because the plea and the waiver were entered into knowingly, intelligently, and voluntarily, the waiver provision in Petitioner's plea agreement precludes this Court from considering claim four.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Luis Perez (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:07-cr-107-Orl-28GJK.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 1323) filed in criminal case number 6:07-cr-107-Orl-28GJK.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of April, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 4/7
Luis Perez
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for The United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.